UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LAVONYA ROLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16 CV 410 |
| | ) |
| BON-TON DEPARTMENT STORES, d/b/a | ) |
| CARSON PIRIE SCOTT, | ) |
| | ) |
| Defendant. | ) |

# OPINION and ORDER

## I. BACKGROUND [1]

Plaintiff Lavonya Rollins was an employee at the Carson Pirie Scott store in Merrillville, Indiana, in November and December of 2015. During her employment, she was pregnant. One day, Rollins wore a shirt that made her pregnancy visible. The Assistant Store Manager, Angel Scott, said to Rollins: "Wow, you're ready to go. When are you due." (Pl. Dep. 69:1-18.) Later that same day, Scott refused to allow Rollins to take a break. She also changed Rollins' schedule from mornings to nights. On another occasion, Scott approached a register where Rollins was working and asked who was working the other register; when Rollins said she did not know, Scott moved her to the cosmetics department. Rollins felt uncomfortable after these events occurred.

Rollins claims that on November 14, 2015, she purchased a hat and scarf set from the store. (Pl. Dep. 83:20-23.) Defendant claims that it observed on security footage that

---

[1] The following facts are undisputed, and taken in a light most favorable to plaintiff, unless otherwise described.

another associate named Richelle Bellman rang up the sale for Rollins, giving her discounts, and that Rollins used a debit card to make the purchase, in violation of company policies. (DE # 23 at 9.) Defendant also claims that, on November 16, 2015, it observed Rollins and Bellman scanning items and inputting changes into the register so that Bellman could take certain items without paying. (*Id.*)

On November 24, 2015, Rollins was told to go into a room with Scott and another man, whom defendant identifies in its briefing as Regional Investigations and Support Coordinator Armando Martinez. (DE # 23 at 9.) Rollins claims she was questioned about the hat and scarf purchase. Rollins asked Scott to use the washroom several times, and was denied each time. Rollins claims she was convinced to write an inaccurate statement about her purchase. Scott informed Rollins that she was being suspended pending a final determination. At some point, Rollins was granted permission to use the washroom, and when she stood up, she urinated on herself. (Pl. Dep. 106:22-25; DE # 1 ¶ 11.) Rollins was allowed to leave and proceeded to the emergency room, where it was determined she had gone into labor.

Scott forwarded her notes from the meeting to Human Resources Director Steve Shimp. Shimp determined that termination of both Bellman and Rollins was appropriate, in light of company policy violations, and terminated plaintiff on December 3, 2015. Plaintiff claims that, after the incident, Shimp offered (presumably on the company's behalf) to pay Rollins' hospital bills and some additional money. (Pl. Dep. 185:10-16.)

Rollins filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of pregnancy in violation of Title VII of the Civil Rights Act of 1964 and one of its amendments, the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e *et seq.* (DE # 1 ¶ 3.) The EEOC issued a right to sue letter on June 30, 2016. Rollins filed the present lawsuit on September 26, 2016, alleging that her termination amounted to discrimination on the basis of pregnancy. (DE # 1.)

Defendant moved for summary judgment on Rollins' complaint. (DE # 23.) Rollins responded (DE # 24), defendant replied (DE # 25), and the motion is ripe for ruling.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material

fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995).

### III. DISCUSSION

In this case, plaintiff claims that defendant discriminated against her on the basis of her pregnancy in violation of Title VII and the PDA. The PDA "made clear that, for all Title VII purposes, discrimination based on a woman's pregnancy is, on its face, discrimination because of her sex." *Newport News Shipbuilding & Dry Dock Co. v. EEOC,* 462 U.S. 669, 684 (1983). Thus, plaintiff's claim for pregnancy discrimination is a claim for gender discrimination, warranting the same analysis as any gender discrimination claim. *Serednyj v. Beverly Healthcare, LLC,* 656 F.3d 540, 547 (7th Cir. 2011).

Both parties rely on the well-known burden-shifting method of proof outlined in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), so the court does the same in this

4

opinion. This method involves a three-phase analysis, beginning with the prima facie case. During this phase, the burden is on plaintiff to demonstrate that: (1) she was pregnant and her employer knew she was pregnant; (2) she was performing her duties satisfactorily; (3) she suffered an adverse employment action; and (4) similarly situated non-pregnant employees were treated more favorably. *Silverman v. Bd. of Educ. of City of Chi.*, 637 F.3d 729, 736 (7th Cir. 2011). Next, defendant must articulate a legitimate, non-discriminatory rationale for the employment decision. Finally, plaintiff must demonstrate that the articulated rationale was actually pretextual. *Id.*

The parties appear largely in agreement that Rollins can establish a prima facie case; indeed, defendant does not even address the prima facie case in its motion. (DE # 23 at 12.) Nor do the parties quibble over the legitimate, non-discriminatory rationale articulated by defendant for the firing (specifically, Rollins' failure to follow company policies with regard to employee purchases). As with most discrimination cases, this case comes down to whether there is evidence that raises a question of fact regarding whether the articulated rationale was pretextual.

In this case, Rollins cannot demonstrate pretext because she points to no evidence that her pregnancy actually played a role in the employment action. Rollins' only evidence related to her pregnancy, at all, is Scott's comment that she was "ready to go" and the subsequent question regarding her due date. She further states that her shift was changed, she was moved to a different department, and she felt "uncomfortable." But Scott's comment reveals no bias, and an employer's mere

5

reference to a pregnancy does not necessarily create a cause of action for discrimination. *See Venturelli v. ARC Cmty. Servs. Inc.*, 350 F.3d 592, 599 (7th Cir. 2003) (offer of employment to pregnant woman beginning some time after she delivered her baby did not prove that employer would have hired her immediately, but for her pregnancy). Further, the subsequent change in assignments and "uncomfortable" feelings experienced by Rollins are relatively subtle job-related changes which, while perhaps not desirable to Rollins, are not so significant that they raise a question of fact regarding pretext or the ultimate question of discrimination. In short, Rollins does not point to evidence from which a reasonable juror might conclude that Scott (or anyone at the company) possessed discriminatory animus against plaintiff on the basis of her pregnancy. *Cf. Stanton v. Tower Ambulance Serv., Inc.*, No. 93 C 7495, 1994 WL 424127, at *2 (N.D. Ill. Aug. 11, 1994) (supervisor's comment that he did not need to accommodate requests for alternative assignment because plaintiff had become pregnant "on her own" precluded summary judgment for employer).

Rollins emphasizes that she did not know she was breaking the rules when she purchased the hat and scarf and was not adequately trained. However, the Seventh Circuit has articulated "countless times" that "the question in a discrimination case is not whether the employer's stated nondiscriminatory ground for the action of which the plaintiff is complaining is correct but whether it is the *true ground* of the employer's action rather than being a pretext for a decision based on some other, undisclosed ground. If it is the true ground and not a pretext, the case is over." *Forrester v.*

*Rauland-Borg Corp.,* 453 F.3d 416, 417 (7th Cir. 2006) (emphasis added); *see also Ptasznik v. St. Joseph Hosp.,* 464 F.3d 691, 696 (7th Cir. 2006) (the pretext inquiry must focus on whether the employer's stated reason is honest, not whether it is well-reasoned, wise or accurate). As the Seventh Circuit aptly stated in *Millbrook v. IBP, Inc.*:

> [A] court's role is to prevent unlawful hiring practices, not to act as a super personnel department that second-guesses employers' business judgments. As we have stated, no matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, [anti-discrimination law] does not interfere.

280 F.3d 1169, 1181 (7th Cir. 2002) (internal quotation marks, alterations, and citations omitted); *see also Blise v. Antaramian,* 409 F.3d 861, 867-68 (7th Cir. 2005) ("Blise may be right—she may be more qualified than Davis, and Davis may not be qualified at all—but so long as Kenosha genuinely believed differently (and Blise offers us no evidence that its agents did not), it is entitled to act on that belief.").

Thus, even if Rollins truly did not know that she was breaking store rules, it does not follow that defendant's stated rationale for firing Rollins — that she broke the store rules — was a *lie* to cover up for the fact that defendant harbored animus against her because she was pregnant. Rollins has provided little more than her own suspicions that the reason stated for her termination was not genuinely believed by defendant's employees, and her own suspicions are not good enough. *Uhl v. Zalk Josephs Fabricators, Inc.,* 121 F.3d 1133, 1137 (7th Cir. 1997) ("Facts, not an employee's perceptions and feelings, are required to support a discrimination claim."). In sum, Rollins cannot

7

demonstrate an issue of fact regarding pretext, and as such she cannot rely on the *McDonnell Douglas* method to save her claim from summary judgment.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (DE # 23) is **GRANTED**. Because no claims remain against any parties in this case, the Clerk is now ordered to **ENTER FINAL JUDGMENT** in this case, stating that judgment is entered in favor of defendant The Bon-Ton Department Stores, Inc. d/b/a Carson Pirie Scott; and against plaintiff Lavonya Rollins, who shall take nothing by way of her complaint.

**SO ORDERED.**

Date: September 4, 2018

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT